United States District Court
Southern District of Texas
**ENTERED**
October 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL LEE THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00112 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction. (D.E. 1).[1] Pending is Respondent's Motion for Summary Judgment. (D.E. 13). Petitioner has filed a Response. (D.E. 16). For the reasons stated below, it is respectfully recommended Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 13), this habeas petition be **DISMISSED**, and Petitioner be **DENIED** a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provides that jurisdiction is proper where the inmate is

---

[1] The undersigned notes that Petitioner is a persistent filer of frivolous cases, having accumulated at least five strikes for filing frivolous prisoner civil rights actions pursuant to 42 U.S.C. § 1983. See *Thomas v. Jasso*, No. 22-cv-288 (S.D. Tex. Mar. 13, 2023) (Memorandum and Recommendation listing orders of dismissals assessing strikes). However, this does not prevent Petitioner from proceeding in this habeas case.

confined or where the conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is currently incarcerated in Beeville, Texas. Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II.   BACKGROUND

On December 5, 2022, Petitioner was charged in Case Number 20230060867 with violating TDCJ Disciplinary Offense Code 4.0, Level One ("Threatening to inflict harm, physical or otherwise, on another person who is not an offender")[2] after he threatened to inflict harm on an officer the prior day. (D.E. 12, Pages 8-9). Specifically, the disciplinary notice states Petitioner "threated to inflict harm on Lt. Cavazos in that Petitioner stated 'Fuck you bitch Im fuck you over'" and then threw a pen toward the officer, missing and hitting the dayroom table. (D.E. 12, Pages 8-9).

At the disciplinary hearing in January 2023, after Petitioner entered a plea of not guilty as well as submitted witness statements and a statement from substitute counsel describing that the surveillance video of the incident did not conclusively show a pen, he was found guilty and as punishment lost 30 days of good time credit. (D.E. 12, Pages 8 and 12).

On January 23, 2023, Petitioner filed a Step 1 grievance asserting (1) he had been denied his right to view and present the surveillance video of the incident (2) the counsel substitute who viewed the surveillance video of the incident "was not able to conclude that

---

[2]TDCJ-CID Disciplinary Rules and Procedures for Offenders can be accessed at https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf (last visited October 5, 2023).

a pen was used to threaten" the officer and therefore, he should have been found not guilty "due to the preponderance of the evidence" and (3) he had been denied a recording of the disciplinary hearing.  (D.E. 12, Pages 17 and 22).  His Step 1 grievance was denied by Assistant Warden P. Samaniego on February 16, 2023 with a finding that "[t]he disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence.  There were no technical or procedural violations noted.  The punishment imposed was within the guidelines.  There is no action warranted to dismiss disciplinary case by this office."  (D.E. 12, Page 23).  On February 23, 2023, Petitioner filed a Step 2 grievance asserting (1) Warden Samaniego, by affirming the disciplinary conviction, failed to correct due process violations listed in his Step One grievance; and (2) Warden Samaniego did not listen to the disciplinary hearing recording and did not permit Petitioner to listen to the recording of his disciplinary proceeding.  Therefore, Petitioner argued Warden Samaniego was deliberately indifferent to his constitutional rights.  (D.E. 12, Pages 24-25).  His Step 2 grievance was denied on May 13, 2023 with a finding that the disciplinary case "has been reviewed and this office concurs with the decision of the Disciplinary Hearing Officer.  There was sufficient evidence to support the finding of guilt.  No procedural errors were noted, and punishment was within the established guidelines.  There is no valid reason to warrant overturning this case." (D.E. 12, Page 25).

Prior to the denial of his Step 2 grievance, Petitioner filed this habeas petition on April 23, 2023,[3] asserting there were due process violations during his hearing because (1) the surveillance video of the incident was not produced at the hearing (2) there was no pen visible on the surveillance video as noted by the counsel substitute who reviewed the recording and (3) he was not permitted to listen to a recording of his disciplinary hearing. (D.E. 1, Pages 6-7). On August 30, 2023, Defendant filed an Answer, construed as a Motion for Summary Judgment, asserting Petitioner's claims are unexhausted and procedurally barred or, alternatively, without merit.  (D.E. 13 and D.E. 14).  Petitioner responds that by failing to view the video during the disciplinary hearing, his due process rights were violated, asserting that if a pen cannot be seen on the video, a determination should have been made in his favor.   (D.E. 16).   For the reasons stated below, the undersigned **RECOMMENDS** Defendant's Motion for Summary Judgment (D.E. 13) be **GRANTED**.

## III.    ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas corpus petitions are governed by the AEDPA. Relief shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993).  Thus, in order to state a claim for federal habeas corpus relief Petitioner must establish a constitutional violation.

---

[3]*Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

A prisoner does not have a constitutional right to a release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, the U.S. Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, state laws may create a constitutional expectancy of early release. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). In Texas, it is well established that only inmates who are eligible for mandatory supervision have a liberty interest in good-time credits and a constitutional expectancy of early release. *Id*. To establish a constitutional violation Petitioner must show that he has a constitutional expectancy of early release.

## IV.   SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Petitioner seeks federal habeas corpus relief for a prison disciplinary conviction that resulted in the loss of good-time credits and other miscellaneous sanctions. Generally, Rule 56 applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000).

Once the movant presents a properly supported motion for summary judgment the burden shifts to the non-movant to present significant evidence of the existence of a genuine issue of material fact. *Hamilton v. Segue Software*, *Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (citation omitted). Considering these standards, the undersigned has reviewed the merits of the Petitioner's claims and Respondent's Motion for Summary Judgment.

## V.    DISCUSSION

Respondent first argues Petitioner's habeas petition should be dismissed because Petitioner did not properly exhaust his administrative remedies as to any of his allegations. The undersigned does not agree.  A state prisoner must generally exhaust all available state remedies before proceeding in federal court.  28 U.S.C. § 2254(b) and (c).  Texas state prisoners are not required to file a state habeas petition challenging their disciplinary proceedings before filing suit in federal court, however, they must first fully exhaust prison grievance procedures.  *Gartrell v. Gaylor*, 981 F.2d 254, 258 (5th Cir. 1993); *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (Texas courts do not hear appeals of prison disciplinary proceedings); *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986) (same).  TDCJ uses a two-step grievance process and a prisoner must properly present his claims in both steps to exhaust his administrative remedies.  *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  A prisoner must "present each of his grounds for federal habeas relief in both his Step 1 and Step 2 grievances."  *Turner v. Thaler*, No. H-09-3562, 2010 WL 5188155, at * (S.D. Tex. Dec. 14, 2010).  Any claim not exhausted is procedurally barred from federal habeas review.  *Id*.; *Davis v. TDCJ*, No. H-17-757, 2017 WL 6060670, at *2 (S.D. Tex. Dec. 6, 2017) ("When an inmate has not raised his claims in both a step one and a step two grievance, the claims are unexhausted" and "an inmate's failure to avail himself of the process in a timely and procedurally correct manner renders the unexhausted claims procedurally barred from review.") (citing *Colemen v. Thompson*, 501 U.S. 722, 735 (1991) (other citations omitted)); *Thomas v. Quarterman*,

No. H-08-3456, 2009 WL 1795000, at *2 (S.D. Tex. June 24, 2009) ("Although petitioner submitted both a step one and a step two grievance, he failed to present his instant habeas grounds in both steps…[and therefore] failed to present properly all of his claims throughout the grievance process" rendering his claims for federal habeas relief unexhausted and procedurally barred).

Here, the undersigned recommends Petitioner properly exhausted his administrative remedies. In short, Petitioner raised his due process claims in both his Step One and Step Two grievances. The undersigned does note Petitioner makes general arguments related to due process violations at Step Two but finds Petitioner provides enough detail to have presented his grievances in a procedurally correct manner to exhaust his due process claims. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (Exhaustion requires that inmates comply with prison administrative rules); *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005) (Explaining lack of exhaustion may be excused and federal habeas review granted upon showing of "cause for defaults and actual prejudice," or "that 'failure to consider the claims will result in a fundamental miscarriage of justice.'") (citations omitted).

However, considering Petitioner's claims on the merits, the undersigned recommends they fail. The primary issue in this case concerns whether or not Petitioner has stated the denial of a constitutionally protected liberty interest. Prisoners are not wholly stripped of all constitutional protections when imprisoned. *Wolff*, 418 U.S. at 555. However, in disciplinary hearings, prisoners are only entitled to due process guarantees when the hearing may result in sanctions that infringe on constitutionally protected

interests. *Sandin v. Conner*, 515 U.S. 472, 483-4 (1995). These interests are generally limited to sanctions that affect the quantity of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters. *Sandin*, 515 U.S. at 484. Prison inmates who lose previously earned good time credits as a result of prison disciplinary convictions are entitled to procedural due process protections. *Wolff*, 418 U.S. at 555. Therefore, to state a claim for federal habeas corpus relief, Petitioner must show he was denied due process in a disciplinary action which resulted in sanctions affecting the duration of his sentence.

Here, Petitioner lost 30 days of good time credit and there is no dispute his eligible for release to mandatory supervision. *Teague v. Quarterman*, 482 F.3d 777 (5th Cir. 2007) (There is a protected liberty interest in Texas if an inmate is eligible for release to mandatory supervision and loses any good time credit); (D.E. 12, Pages 2, 4 and 8 and D.E. 13, Page 11). Due process requires an inmate to have been provided with: (1) advanced written notice of the charges and disciplinary hearing; (2) an opportunity to present documentary evidence and to call witnesses so long as permitting an inmate to do so will not jeopardize institutional safety or correctional goals; and (3) a written statement by the fact finder with "some facts" supporting the ruling, the evidence relied upon and the reason for the disciplinary action. *Wolff*, 418 U.S. at 563-567; *Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001).

8 / 14

Here, Petitioner was provided with advanced notice of the disciplinary charges and of the disciplinary hearing, which he attended. Further, Petitioner, who had a counsel substitute, did present witness testimony.  Further, while Petitioner asserts he was denied the right to present documentary evidence because the video of the incident was not produced at the disciplinary hearing, there is no evidence that Petitioner made any official request for the surveillance video before or during the hearing itself and was denied. *Arcenaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011) (The disciplinary hearing officer's failure to watch security footage did not violate the inmate's due process rights and "the failure to review available documentary evidence does not in itself render a hearing unfair.") (citing *Neal v. Casterline*, 129 F. App'x 113 (5th Cir. 2005)).  Rather, Petitioner acknowledges his counsel substitute had reviewed the video prior to the disciplinary hearing, had provided a written statement describing the video to the hearing officer and that statement, which stated that "due to the video not being clear, I am unable to determine if a pen was [thrown] at [the accusing officer]," was read into the record and considered by the hearing officer.  (D.E. 12, Pages 19 and 23).[4]  Further, "[t]he right to present documentary evidence is not an absolute requirement of due process in prison disciplinary hearing, it is one of a set of flexible factors that the Supreme Court has identified as characteristic of fair hearings…[and] [w]e have held prisoner hearings to be

---

[4]The undersigned notes that Petitioner focuses on the statement stating the video does not conclusively show a pen in the video.  (D.E. 12, Page 17).  However, Petitioner ignores the witness statement from another inmate stating Petitioner "just threw the pen out."  (D.E. 12, Page 19).  Therefore, Petitioner has failed to show the result of the proceedings would have been different if the video had been viewed, rendering his hearing unfair.  *Arceneaux*, 449 F. App'x at 398.  Further, regardless of whether the pen was thrown, Petitioner makes no argument related to the threatening statement he made to the officer.  (D.E. 1 and D.E. 16).

fair where inmates sought to introduce surveillance footage and were not permitted to do so." *Arceneaux*, 449 F. App'x at 398 (citations omitted).  Additionally, Petitioner was provided a written report from the hearing officer which stated he relied upon the charging officer's report and witness statements when finding Petitioner guilty.  Accordingly, the undersigned recommends Petitioner's disciplinary hearing complied with the minimal due process requirements provided to prisoners as described above.  Further, as to Petitioner's claim that he was not permitted to listen to a recording of his disciplinary hearing, Petitioner has provided no supporting legal authority for this conclusory allegation that this alleged denial somehow violates his due process rights.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (A conclusory allegation does not raise a constitutional issue in habeas proceedings); (D.E. 13, Pages 18-19).

Petitioner further asserts that as a result of this disciplinary conviction, he was no longer eligible for an upgrade in custody level status.  (D.E. 1, Page 5).  However, the Due Process Clause does not protect every adverse change in the conditions of confinement. *Sandin*, 515 U.S. at 478.  Mere changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life do not implicate due process concerns.  *Madison,* 104 F.3d at 768.  Commissary and recreation limitations and adjustments to a prisoner's classification level are not protected by the Due Process Clause.  *See Malchi*, 211 F.3d at 958-59.  While Petitioner asserts his line class status was affected, this is a mere change in conditions of confinement and does not pose significant hardships beyond the ordinary incidents of prison life. *See Madison*, 104 F.3d

at 768; *Luken v. Scott*, 71 F.3d 192, 193-95 (5th Cir. 1995) (Changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause").

Therefore, the undersigned recommends Petitioner fails to identify any due process violations.  Petitioner is asking this Court to reconsider the hearing officer's decision and/or challenging the sufficiency of the evidence against him.  However, federal habeas review of the sufficiency of evidence in disciplinary determinations is extremely limited as due process is satisfied when there is "some evidence" to support the disciplinary finding. *Broussard*, 253 F.3d at 876 ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.")  Further, "[d]etermining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001).  The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id*. at 536–537; *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985) ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.") (internal citations omitted).  Here, the determination was

supported by the offense report written and witness statements.   Accordingly, this constitutes sufficient evidence to support the hearing officer's finding of guilty.

## VI.   CERTIFICATE OF APPEALABILITY

An appeal from the final order in a habeas corpus proceeding may not be taken to the Court of Appeals, "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   A certificate of appealability ("COA") will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).   The district court is in the best position to determine if the petitioner has made a substantial showing, therefore, it is recommended that the district court rule on Petitioner's relief *sua sponte*.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

The undersigned recommends Petitioner's claims be denied on the merits.   The COA determination under Section 2253(c) requires an overview of the habeas petition and a general assessment the merits.   *Miller-El*, 537 U.S. at 336.   As to claims rejected solely on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Petitioner must show that issues are debatable among reasonable jurists, and courts could resolve the issues differently.   *Alexander*, 211 F.3d at 896.

In this case, reasonable jurists would not debate the dismissal of the federal writ of habeas corpus under Section 2254, nor find that the issues are adequate to deserve

encouragement to proceed. *Miller-El*, 537 U.S. at 327.  Accordingly, it is respectfully recommended that the Court not issue a COA.

**VII.   RECOMMENDATION**

For the reasons stated below, it is respectfully recommended Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 13), this habeas petition be **DISMISSED**, and Petitioner be **DENIED** a certificate of appealability.

Respectfully submitted on October 19, 2023.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).