UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEWELL LEE THOMAS, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:23-CV-00112 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 17). The M&R recommends that the Court:

(1) Grant Respondent's motion for summary judgment, (D.E. 13);

(2) Dismiss Petitioner's 28 U.S.C. § 2254 habeas petition, (D.E. 1); and

(3) Deny Petitioner a certificate of appealability.

(D.E. 17, p. 13). Petitioner filed written objections to the M&R. (D.E. 19).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Petitioner objects to the M&R's recommendation that Respondent's motion for summary judgment be granted. (D.E. 19, p. 1–2). Specifically, Petitioner argues that prison officials denied his request to review surveillance footage ahead of his disciplinary hearing. *Id.* at 1. Further, he argues "there is no credible evidence in the record that a pen was thrown towards the accusing

officer." *Id.* at 1–2 (emphasis omitted). Finally, Petitioner argues that the M&R's statement that he did not address the threatening statement made to the officer, (D.E. 17, p. 9 n.4), is "not relevant[,]" as "Petitioner was not accused of making any threatening statements[,]" (D.E. 19, p. 2).

As the M&R states, (D.E. 17, p. 9) and Petitioner confirms, an "independent disciplinary witness viewed the surveillance footage prior to the hearing[,] [and] described the events that took place . . . [i]n her written statement," (D.E. 12, p. 23) (internal quotations omitted). The statement was then "read during the hearing and recorded on cassette tape." *Id.* Thus, while Petitioner alleges that the surveillance footage *itself* was not produced at the disciplinary hearing, (D.E. 12, p. 22), an independent witness who reviewed the footage was "unable to determine if a pen was thrown[,]" *Id.* at 17. Nonetheless, as the M&R points out, "regardless of whether the pen was thrown, Petitioner makes no argument related to the threatening statement he made to the officer." (D.E. 17, p. 9). In his objections to the M&R, Petitioner claims he was not accused of making any threatening statements. (D.E. 19, p. 2). This is inaccurate. The offense report states that Petitioner told Lieutenant Cavazos "f**k you b*tch I'm [sic] f**k you over[.]" (D.E. 12, p. 9). In sum, Petitioner received notice of the disciplinary charges and the hearing, (D.E. 12, p. 9), witness testimony was presented at the hearing, (D.E. 12, p. 23), and some evidence supported the disciplinary ruling (D.E. 12, p. 9) (describing Petitioner's threatening statement). *See Arceneaux v. Patterson*, 449 F. App'x 396, 298 (5th Cir. 2011) (per curiam). As such, the Court finds that Petitioner's objections lack merit.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's

objections, (D.E. 19), and **ADOPTS** the conclusions of the M&R, (D.E. 17). Accordingly:

(1) Respondent's motion for summary judgment is **GRANTED.** (D.E. 13);

(2) Petitioner's 28 U.S.C. § 2254 petition is **DENIED.** (D.E. 1).

(3) Petitioner is **DENIED** a certificate of appealability.

A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
      November  2 , 2023